## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## 14-80495-Civ-Dimitroulease/Snow



FILED by _OTS_ D.C.
ELECTRONIC

**April. 11, 2014**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

EDOUARD JOSEPH, an individual

        Plaintiff.                    Case No.

vs.

KAHANE & ASSOCIATES, P.A., AND
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE 2007-FLX4,
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-FLX4
UNDER THE POOLING AND
SERVICING AGREEMENT DATED
MAY1, 2007 and CLARFIELD, OKON,
SALOMONE & PINCUS, P.L.

        Defendants.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF
### JURY TRIAL DEMANDED

    COMES NOW, the Plaintiff, EDOUARD JOSEPH, an individual, and sues

KAHANE & ASSOCIATES, P.A., and DEUTSCHE BANK NATIONAL TRUST

COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH

CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING

AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE &

PINCUS, P.L. files this Complaint for Damages and Incidental Relief stating as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for damages brought for damages for violations of the Fair Debt

Collection Practices Act (FDCPA) 15 U.S.C. §169, *et seq*.; and for damages for

violations of the Florida Consumer Collection Practices Act (FCCPA) FLA STAT §559

(Part VI).  These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

2.      Plaintiffs, EDOUARD JOSEPH, an individual, brings this action for declaratory judgment that the practices of Defendant violated the FDCPA and FCCPA and for an award of statutory and actual damages for the acts of Defendants as more fully alleged herein.

## II.  JURISDICTION

3.      The jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337 Declaratory relief is available pursuant to 28 U.S.C. §§2201-2202.

4.      This is an action for damages which exceed $969,800.43.

## III.  ALLEGATIONS AS TO PARTIES

5.      Plaintiff, EDOUARD JOSEPH ("JOSEPH" or "Plaintiff"), is *sui juris* and a resident of Palm Beach County, Florida.  Plaintiff JOSEPH is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. §1692a(3).

6.      Defendant, KAHANE & ASSOCIATES, P.A. ("K&A"), is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) and a Florida Law Office that regularly collects on notes, doing business in Palm Beach County, Florida. KAHANE & ASSOCIATES, P.A. has asked that service of process be sent in care of KAHANE, ROBERT S, 8201 PETERS RD. SUITE 3000, PLANTATION, FL 33324.

7.      Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 ("DEUT"), is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) doing business in Florida that regularly collects on notes, doing

business in Palm Beach County, Florida. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 has asked that service of process be sent to their registered agent, CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301-2525.

8.      Defendant, CLARFIELD, OKON, SALOMONE & PINCUS, P.L. ("COS&P"), is a "debt collector" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6) doing business in Florida that regularly collects on notes, doing business in Palm Beach County, Florida. CLARFIELD, OKON, SALOMONE & PINCUS, P.L. has asked that service of process be sent to their address at 500 S. AUSTRALIAN AVENUE #730 WEST PALM BEACH, FL 33401.

9.      Defendants are engaged in the collection of debts from consumers using the U.S. mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another.

10.     Defendants are all "debt collector(s)" as said term is defined under the FDCPA, 15 U.S.C. §1692a(6).

11.     Defendants regularly uses the United States Postal Service in the collection of consumer debt.

12.     Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as that term is defined in the FDCPA.

13.     At all times material to the allegation of this Complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

14.     Plaintiff contends that Defendants have conspired and committed deceptive acts in order to wrongfully foreclose with total disregard for Federal and Subject laws.

15.     Plaintiff contends that Defendants have created and caused fraudulent documents to be filed into the public records of Seminole county and into the Subject Court giving the appearance that there is a legal foreclosure going while some or all of the Defendants continue to break the law.

16.     Defendants acting within the scope of their employment are vicariously liable for the actions of their respective employers.  *Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507 (9th Cir. 1994)*.

17.     DEUT has consented to judgment in the $25 Billion National Settlement.  In said judgment, DEUT was found to be conducting questionable and/or wrongful foreclosures.

18.     With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
>
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices  by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
>
> Existing laws and procedures for addressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

### A.  Description of Consumer Debt

19.     On or about June 17, 2004, the Plaintiff executed and delivered to INDYMAC

BANK, F.S.B. ("INDYMAC"), a promissory note ("Note") and a mortgage ("Mortgage")

securing payment of the Note and Mortgage.

20.     Sometime thereafter, and without proper notification to the Plaintiff, the note was

transferred.

21.     Defendants sought to collect a debt from Plaintiff arising from an alleged debt

incurred by Plaintiff for personal, family, or household purposes;  more specifically, the

debt at issue was allegedly incurred on a note and secured by a mortgage.  The latter is

null and void and secures the former.

### B.  Debt Collection Activities of Defendant

### 1. Filing of Collection Lawsuit

22.     On or about July 27, 2011, the Collection Law Firm filed or caused to be filed a

civil action to foreclosure the Subject Note and Mortgage.

23.     A true and correct copy of the Summons (Exhibit "A") and Complaint (Exhibit

"B") with exhibits note (Exhibit "C") mortgage (Exhibit "D") attachments thereto filed in

the Foreclosure Proceeding, are attached hereto and incorporated by reference.

24.     This is the third attempt to foreclosure on the Plaintiff's property.

25.     Sometime thereafter, the note and mortgage was sold and assigned to more than

one party without proper notice to the Plaintiff.  Therefore, it is unclear how the

Defendants effectively endorsed the note and mortgage in clear violation of Florida's

Uniform Commercial Code (UCC) and assigned the mortgage.

26.     There are no assignments of the mortgage and no endorsements proving how and

from whom DEUT came to possess the note and mortgage.

27.     The Plaintiff has no obligation to pay DEUT and has not contract with DEUT.

28.     Clearly their acts involve deceptive and unfair practices.

29.     The Subject Note and Mortgage encumbered the residence of the Plaintiff.

30.     By including Debt Collection Notices in their Complaints, Defendant DEUT attempted to mislead the Plaintiffs.  Their actions are a violation of a mortgage contract. The debt is in no way assumed valid, and the Plaintiff can dispute the validity at any time.

31.     Defendant DEUT attempted to mislead the Plaintiffs by claiming to be the owner of a lost note.  Their actions are a violation of a mortgage contract.  The debt is in no way assumed valid, and the Plaintiff can dispute the validity at any time.

32.     By continuing the collection activity in violation of clearly established federal and subject law, KAHANE & ASSOCIATES, P.A. continued in the unlawful collection of debt in violation of federal and subject law.

33.     The Plaintiff did not receive a valid notification for his right to dispute the debt. Included in the Defendants DEUT and a "NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT, (THE ACT), 15 U.S.C. SECTION 1692(G) AS AMENDED" in a Foreclosure Complaint does not constitute proper delivery to the consumer.

34.     By including Debt Collection Notices in their Amended Complaint, Defendant DEUT again attempted to mislead the Plaintiffs.  Their actions are a violation of a mortgage contract.  The debt is in no way assumed valid, and the Plaintiff can dispute the validity at any time.

35.     At no point in time were the Plaintiffs offered legitimate foreclosure counseling as required by the National Housing Act.  The National Housing Act, 12 U.S.C. 1701x(c)(5) required the Defendants to offer foreclosure counseling and information to the Plaintiff as a condition precedent to foreclosure.  The Defendants failed to do so.

36.     The Defendants conspired and through their deception, failed to give the Plaintiff proper notice of default and notice of acceleration from the Lender.  Defendant DEUT is not the Plaintiff's lender.

37.     The Collection Law Firm did not communicate with Subject concerning the debt represented by the Subject Promissory Note prior to the filing of the Subject Mortgage Foreclosure Preceding and could not legally engage in collection activity with the Plaintiff without first giving notice as required under U.S.C. §1692g.

## 2. Use of Non-Complaint Disclosure of FDCPA Validation Rights

38.     The Collection Law Firm attached as an exhibit to the Complaint in the Subject Mortgage and Note Foreclosure Proceeding a document entitled "Notice Required by the Fair Debt Collection Practices Act" ("FDCPA Validation Notice").

39.     However, such notice is invalid because the filing of the foreclosure complaint does not and continue be considered an initial communication with the consumer.

40.     The FDCPA Validation Notice Failed to provide complete and accurate disclosures mandated by the FDCPA:

> (a) the amount of the debt as required under 15 U.S.C. §1692g(a)(1);

> (b) the name of the creditor to whom a debt was owed as required under 15 15 U.S.C. §1692g(a)(2); and

(c) the rights of consumers with respect to disputing consumer debts as require under 15 U.S.C. §1692g(a)(3) insofar as the Collection Law Firm required that the consumer dispute the debt in writing.

41.     Due to the Defendants conspiracy and deception, the Plaintiff still does not know whether the note was truly lost, and how it was miraculously found, and who the creditor is.

42.     Any attempt by the Defendant to comply with federal mandatory requirement of a dunning letter is defective.  The Plaintiff is not received a valid dunning letter.

### 3. Post-Complaint Filings in the Subject Mortgage and Note Foreclosure Proceeding

43.     Subsequent to service of the Complaint in the Subject Mortgage and Note Foreclosure Proceeding, the Collection law Firm sent or caused to be sent the Subject various motions and other papers which were filed in the Subject Mortgage and Note Foreclosure Proceeding ("Post-Complaint Filings").

44.     Since the service of the Complaint in the Subject Mortgage Foreclosure Proceeding, notwithstanding communication with the Plaintiff in the form of the Post-Complaint Filings, the Collection Law Firm did not provide the Plaintiff with written notice providing the Plaintiff as a consumer with the information mandated under 15 U.S.C. §1692g(a).

45.     By information and belief, the Collection Law Firm and the Defendants may have purposely deceived the Plaintiff, or erroneously viewed the FDCPA Validation notice as satisfying the requirements of 15 U.S.C. §1692g(a).  Accordingly, the Collection Law

Firm did not send any prior or subsequent written notice or disclosure of the statutorily mandated information under 15 U.S.C. §1692g to the Plaintiff.

46.     Further more, the Defendants did engage in deceptive practices by overshadowing federal law in requiring the Plaintiff to provide a response to the foreclosure complaint within 20 days, when federal law allows the Plaintiff 30 days to dispute the debt.

47.     This is clearly a material misrepresentation in the collection of a debt.  Singing as a third party to transfer ownership of this note and mortgage to his employer is a materially undisclosed conflict of interest.

48.     The Defendants deceived the Plaintiff.  The Defendants failed to observe the Helping Families Save Their Homes Act, which among other things, requires the Defendant's to provide the Plaintiff a valid assignment of mortgage within 30 days of assignment and before the foreclosure.  The assignment was received within 30 days of the sale of the note and mortgage and through information and belief, and was not accompanied with any explanation as to how the note was endorsed to the Defendant and from whom (Exhibit E).  The assignment was prepared by Defendant K&A and is not consistent with previous endorsements of the note and missing assignment of mortgages.

49.     The Defendants deceived the Plaintiff.  The Defendants failed to observe Florida Statutes §559.715 also requires a valid assignment within 30 days of the assignment of said mortgage.  Defendant CLARFIELD, OKON, SALOMONE & PINCUS, P.L. now represents Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007.

50.     Through information and belief, the Plaintiff believes that the assignment of mortgage was created solely for the purposes of foreclosures and that Champagne Williams as Assistant Vice President is a robo-signor.

51.     The Defendant DEUT has failed to observe paragraphs 15, 20 and 22 of the mortgage which requires strict compliance with the assignment and the endorsements of the mortgage.

## PRACTICES OF DEFENDANT

52.     In the event the FDCPA Validation Notice is held to be the "initial communication" for purposes of 15 U.S.C. §1692g(a), it is or was the policy and practice of Defendant to send notices in the form or substantially similar form as alleged herein to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to informing consumers as to:

   a.  the amount of the debt as required under 15 U.S.C. §1692g(a)(1);

   b.  the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2); and

   c.  the rights of consumers with respect to disputing consumer debts as required under 15 U.S.C. § 1692g(a)(3).

53.     In the even the FDCPA Validation Notice is not held to be the "initial communication" for purposes of 15 U.S.C. § 1692g(a), it is or was the practice of Department not to send consumers such as the Subjects a written notice as apart of its communications to collect consumer debts with respect to informing consumers as to:

   a.  the amount of the debt as required under 15 U.S.C. § 1692g(a)(1);

b.  the name of the creditor to whom a debt was owed as required under 15 U.S.C. §1692g(a)(2);

c.  a notice that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector as required under 15 U.S.C. §1692g(a)(3);

d.  a notification that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification of judgment will be mailed to the consumer by the debt collector as required under 15 U.S.C. §1692g(a)(4); and

e.  a notification that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor as required under 15 U.S.C. §1692g(a)(5).

**FAIR DEBT COLLECTIONS PRACTICES ACT CLAIM**

54.  At all times material hereto, the Mortgage Loan Companies, including INDYMAC, or its assigns, were "creditors" as said term is defined under 15 U.S.C. §1692a(4).

55.  At all times material hereto, the Mortgage Debts, including the obligation under the Subject Note, were a "debt" as said term is defined under 15 U.S.C. §1692a(5).

56.  At all times material hereto, the FDCPA Validation Notice was a "communication" as said term is defined under 15 U.S.C. §1692(a)(2).

57.     At all times material hereto, the Post-Complaint Filings were a "communication"

as said term is defined under 15 U.S.C. §1692(a)(2).

58.     15 U.S.C. §1692g(a) provides, in pertinent part, the following:

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection
with the collection of any debt, a debt collector shall, unless the following
information is contained in the initial communication or the consumer has paid
the debt, send the consumer written notice containing:

(a) The amount of the debt;

(b) The name of the creditor to whom the debt is owed;

(c) A statement that unless the consumer, within thirty days after
reserving the notice, disputes the validity of the debt, or any
portion thereof, the debt will be assumed to be valid by the debt
collector; and

(d) A statement that upon the consumer's written request within the
thirty day period, the debt collector will provide the consumer with
the name and address of the original creditor, if different form the
current creditor.

59.     As described above, the conduct of Defendants violated the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 *et sequi,* by failure of Defendants to properly inform the

consumer as to the consumer's rights to dispute a consumer debt in a manner which was

not reasonably calculated to confuse or frustrate the least sophisticated consumer in

violation of 15 U.S.C. §1692g(a)(3).

60.     As a result of Defendant's conduct, Plaintiff's are entitled to an award of statutory

and actual damages pursuant to 15 U.S.C. §1692k.

61.     The Defendants are in violation of FDCPA, 15 U.S.C. §1692et seq.  The

Defendants engaged in "communication" in the collection of a "debt" as defined by §

1692a(5):

>    The term "communication" means any obligation or alleged obligation of
>    a consumer to pay money arising out of a judgment.

62.     Defendants KAHANE & ASSOCIATES, P.A., and DEUTSCHE BANK

NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND

SERVICING AGREEMENT DATED MAY1, 2007 are debt collectors within the

meaning of §559.55(6).

63.     Plaintiff seeks a declaration that Defendant's practices are in violation of the

FCCPA and FDCPA;

64.     Plaintiff did violate the FCCPA and FDCPA.  Pursuant to Florida FCCPA,

violations of the FDCPA are to be given great wait in considering violations of FCCPA

to wit:

>    559.552(5)

>    (5) In applying and construing this section, due consideration and great
>    weight shall be given to the interpretations of the Federal Trade
>    Commission and the federal courts relating to the federal Fair Debt
>    Collection Practices Act.

>    559.78 Judicial enforcement.

>    --In addition to other penalties provided in this part, state attorneys and
>    their assistants are authorized to apply to the court of competent
>    jurisdiction within their respective jurisdictions, upon the sworn affidavit
>    of any person alleging a violation of any of the provisions of this part.
>    Such court shall have jurisdiction, upon hearing and for cause shown, to
>    grant a temporary or permanent injunction restraining any person from
>    violating any provision of this part, whether or not there exists an adequate

remedy at law;  and such injunction, suspension, or revocation shall issue without bond.

559.785 Criminal penalty.

--It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first registering with the office, or to register or attempt to register by means of fraud, misrepresentation, or concealment.

65.     The Plaintiff seeks an order by the court pursuant to permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff.

66.     Plaintiff seeks both injunctive relief and equitable relief in accordance with Plaintiff's rights under both state and federal law.

67.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

68.     As a consequence of the acts of the defendants' Plaintiff are entitled to statutory and actual relief for the acts of the Defendants.

69.     The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule. *Florida Department of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007).

70.     Plaintiff seeks a permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff.

71.     Defendants KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON,

SALOMONE & PINCUS, P.L. are debt collectors within the meaning of the FDCPA, 15

U.S.C. §1692a(6).

72.    Defendants KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK

NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-

THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND

SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON,

SALOMONE & PINCUS, P.L.  violated the FDCPA. Defendants' violations include, but

are not limited to, the following:

(a) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE
POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and
CLARFIELD, OKON, SALOMONE & PINCUS, P.L. violated 15 U.S.C.
§1692d by engaging in conduct the natural consequence of which is to harass,
oppress, or abuse any person.
(b) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE
POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and
CLARFIELD, OKON, SALOMONE & PINCUS, P.L. violated 15 U.S.C.
§1692e(2) by falsely representing the character, amount, or legal status of any
debt.
(c) Defendant COUNTRYWIDE KAHANE & ASSOCIATES, P.A. AND
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-
FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-
FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED
MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.
violated 15 U.S.C. §1692e(6) by sale or transfer of any interest in the debt will
cause the consumer to lose any claim or defense to payment of the debt.
(d) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE
POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 violated
15 U.S.C. and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.
§1692e(8) by communicating or threatening to communicate to any person
credit information which is known or which should be known to be false,
including the failure to communicate that a disputed debt is disputed.

(e) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L. violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(f) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.  violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

(g) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L. violated 15 U.S.C. §1692e(14) by the use of any name other than the true name of the debt collector's business.

(h) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L. violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(i) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.  violated 15 U.S.C. §1692f(6) taken or threatened to unlawfully repossess or disable the consumer's property.

(j) Defendant KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L. violated 15 U.S.C. §1692g by, within five days after the initial communication with Plaintiff in

connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.. for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff EDOUARD JOSEPH requests that this Court enter judgment in her favor and against Defendants KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.. for:

a.  Statutory and actual damages pursuant 15 U.S.C. §1692k;

b.  Attorney's fees, litigant expenses and costs of the instant suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT II
### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L.

73.     Plaintiff alleges and incorporates the information in the Plaintiff's factual allegations.

74.     Plaintiff is a consumer within the meaning of §559.55(2).

75.     KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L. are debt collectors within the meaning of §559.55(6).

76.     All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

77.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

78.     As a consequence of the acts of the defendants' Plaintiff are entitled to statutory and actual relief for the acts of the Defendants.

79.     The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule. *Florida Department of Corrections v. Abril*, 969 So. 2d 201 (Fla. 2007).

80.     Plaintiff seeks a permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff.

81.     All Defendants violated §559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

82.     As a consequence of the acts of the defendants' Plaintiff EDOUARD JOSEPH will lose his home.

**WHEREFORE**, Plaintiff demands judgment for damages against KAHANE & ASSOCIATES, P.A. AND DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE 2007-FLX4, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-FLX4 UNDER THE POOLING AND SERVICING AGREEMENT DATED MAY1, 2007 and CLARFIELD, OKON, SALOMONE & PINCUS, P.L. for actual and statutory damages, punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77. Plaintiff respectfully request that this Court award damages, and any other just and appropriate relief under the law, including but not limited to, attorneys' fees and costs.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: 4/9/14

Respectfully submitted,

EDOUARD JOSEPH

EDOUARD JOSEPH
10519 PINE TREE TERRACE
BOYNTON BEACH, FLORIDA 33436